IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY LEE CLEMMENTS | ) | |
| | ) | |
| v. | ) | 3-08-CV-1884-K |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Sanders Estes Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Venus, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of enhanced D.W.I. as charged in the indictment returned in Cause No. 24,137 Petitioner was tried by a jury which returned a verdict of guilty and thereafter assessed his punishment at four years imprisonment. He did not file a direct appeal. However, on March 13, 2008, Clemments filed an application for habeas corpus relief in the trial court pursuant to art. 11.07, Texas Code of Criminal Procedure. The application was denied by the Court of Criminal Appeals on April 23, 2008. He then filed the present § 2254

petition. In response to the petition and this court's show cause order Respondent filed his answer together with a copy of the prior state proceedings.

**Findings and Conclusions**: In response to Clemments's ineffective assistance of counsel claim Respondent contends that he has not exhausted his state remedies as required by § 2254(b)(1) and that consideration of his unexhausted allegations by the state courts in a subsequently filed art. 11.07 application would be procedurally barred.

A comparison of the allegations of ineffective assistance set out in Petitioner's art. 11.07 application to those asserted in his § 2254 petition discloses that the latter contains significantly more acts and omissions attributed to his trial attorney than those set out in the former. Specifically the only allegation in support of his claim in his art. 11.07 application, *See* WR-69,758-01, at 0010, Ground Two - is that his attorney advised that he got a good deal when a Van Zandt County grand jury declined to indict him on similar charges. In his federal petition Clemments alleges numerous failures and omissions in his trial attorney's representation, *See* Petition at 7 and 7a-7b, Ground One and memorandum at 5-10. Conspicuous by its absence in his § 2254 petition is the only factual allegation which appears in his state habeas application. In order to exhaust state remedies, a claim must be "fairly presented" to the state court, that is, that the state court system be presented with the same facts and legal theory upon which a § 2254 petitioner relies. *See e.g. Picard v. Conner,* 404 U.S. 270, 275-277, 92 S.Ct. 509 (1971); *Rose v. Lundy,*. 455 U.S. 509, 522, 102 S.Ct. 1198 (1982); *Thomas v. Collins,* 919 F.2d 333, 334 (5th Cir. 1990). The exhaustion requirement is not met when new factual claims are made in a federal petition. *Anderson v. Harless,* 459 U.S. 4, 6-7, 103 S.Ct. 276 (1982). Where a state prisoner has failed to exhaust claims in the state court system, and that failure would now result in the state procedurally rejecting such claims, a habeas petitioner has

procedurally defaulted the claims, requiring that a federal court find the same procedurally barred. *Coleman v. Thompson,* 501 U.S. 722, 735, n.1, 111 S.Ct. 2546 (1991).

Clemments cannot return to the Texas courts to exhaust the new factual allegations in support of his ineffective assistance of counsel claim because the Texas abuse of the writ doctrine prohibits a second habeas application if the grounds could have been raised in the first art. 11.07 proceeding, unless good cause is shown. *Nobles v. Johnson,* 127 F.3d 409, 422-23 (5th Cir. 1997). All of the unexhausted factual allegations relate to occurrences prior to the date on which the initial art. 11.07 application was filed. Therefore the bar to his return to state court constitutes an additional adequate procedural default. *See Fearance v. Scott,* 56 F.3d 633, 642 (5th Cir. 1995); *see also Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995).

The only similarity between Petitioner's second ground for relief in his § 2254 petition and his previously filed art. 11.07 application is the title of his claim, that is, "Invalid indictment." *See* No. WR-69,758-01 at 009. In his state application Clemments claims that he was tried for a D.W.I. misdemeanor in Van Zandt County, while he was tried in Hunt County on a third degree felony D.W.I., enhanced by prior D.W.I.. convictions. Succinctly stated, prosecutions for offenses which occurred in two different counties under separate charging documents fail to allege a colorable basis for federal habeas corpus relief.

Ground Two of his federal petition alleges that the prior D.W.I. convictions alleged in the indictment *(See* No. WR-69,758-01 at 021) to raise the charge to a second degree felony were too remote in time, that the evidence present at trial in No. 24,137 was insufficient to prove that he was guilty of the primary offense of D.W.I. on or about October 8, 2006, and that the evidence was insufficient to prove his convictions in the previously D.W.I. cases alleged in the indictment. *See*

Petition at 7 and 7(b)-7(D) and memorandum at 10-11.

Although Respondent in his answer appears to have correctly summarized the substance of Petitioner's second ground, Answer at page 3, the answer does not address the claim - the sufficiency of the evidence claim with respect to guilt and punishment. Rather, it addresses the well-established principle that review of the sufficiency of a state indictment is foreclosed to federal habeas review when such a claim has been rejected by the Court of Criminal Appeals, as it did in Clemments's art. 11.07 application. *E.g. Wood v. Quarterman,* 503 F.3d 408, 412-13 (5th Cir. 2007).

Respondent expressly raised Petitioner's failure to exhaust state remedies with respect to his ineffective assistance of counsel claim, but did not do so with respect to his sufficiency of the indictment claim (Ground Two). In the magistrate judge's opinion the fact that Respondent's counsel misapprehended the basis for relief on this ground does not constitute waiver of the exhaustion requirement, particularly in light of the express provisions of § 2254(b)(3). Moreover, even were counsel's conduct determined to have waived the exhaustion requirement, such circumstance would not prohibit the court from declining to accept such a waiver. *See e.g. Kunkle v. Dretke*, 352 F.3d 980, 989-990 (5th Cir. 2003), cert. denied 543 U.S. 835, 125 S.Ct. 250 (2004). It is well within the court's exercise of discretion to refuse to find waiver with respect to Ground Two. The factual allegations in support of the claim clearly raise a sufficiency of the evidence issue. It is well established that although such a claim may be raised in a direct appeal, it is not a cognizable basis for relief in a collateral attack. *See e.g. Ex Parte Williams,* 703 S.W.2d 674, 679-80 (Tex.Crim.App. 1986); *Ex Parte Coleman*, 599 S.W.2d 305, 306-7 (Tex.Crim.App. 1978); and *Clark v. State of Texas*, 788 F.2d 309 (5th Cir. 1986). Because Clemments could not have attacked the sufficiency of the evidence in his art. 11.07 even if clearly articulated, relief on this ground is also

procedurally barred.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for the Respondent.

SIGNED this 20th day of February, 2009.

_Wm. F. Sanderson, Jr._
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.